FILED
 2012 Jun-01 PM 01:46
U.S. DISTRICT COURT
    N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

**RONALD SEWELL,**
    **Plaintiff,**

vs.                                    **CASE NO: 4:12-CV-00364-KOB**

**SMITH & WESSON HOLDING CORP.,
THOMPSON/CENTER ARMS COMPANY,
INC., SHOTGUN SPORTS SUPPLY
COMPANY, INC. AND FICTITIOUS
DEFENDANTS,**

    **Defendants.**

## MEMORANDUM OPINION AND ORDER

This matter comes before the court on plaintiff's Motion to Remand (doc. 7). The defendants Smith & Wesson Holding Corp, and Thompson/Center Arms Company, Inc., filed their Notice of Removal (doc. 1), alleging that the plaintiff had fraudulently joined defendant Shotgun Sports Supply Company ("SSSC"), the seller, to defeat diversity jurisdiction. This court issued an Order to Show Cause on February 6, 2012 (doc. 3), ordering the plaintiff to show cause why defendant SSSC should not be dismissed as fraudulently joined. The plaintiff filed a Motion to Remand and Response to Show Cause Order on February 20, 2012 (doc. 7). The removing defendants filed an Opposition to Plaintiff's Motion to Remand and Response to Show Cause Order on February 28, 2012 (doc. 9). On April 5, 2012, the defendant, SSSC, filed a Motion to Dismiss (doc. 10). This court issued an order the same day deferring ruling on SSSC's Motion to Dismiss until the ruling on the plaintiff's Motion to Remand (doc. 11). The court held a hearing on the plaintiff's Motion to Remand on May 31, 2012, and for the reasons stated on the record and summarized below, finds

that the Motion to Remand is due to be DENIED.

At the hearing, the court acknowledged that the plaintiff had raised the issue of whether the removing defendants have standing to argue that SSSC was fraudulently joined. The court explained that well-settled law exists in the Eleventh Circuit that the "removing party" must establish fraudulent joinder. *See Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997). Therefore, the court finds that the removing defendants have standing to assert fraudulent joinder.

In this case, the removing defendants allege that the plaintiff fraudulently joined SSSC because the plaintiff cannot establish a cause of action against SSSC under Alabama law. As to this basis for fraudulent joinder, "[t]he plaintiff need not have a winning case against the allegedly fraudulent defendant; he need only have a *possibility* of stating a valid cause of action in order for the joinder to be legitimate." *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998). However, the Eleventh Circuit has clarified that "[t]he potential for legal liability must be reasonable, not merely theoretical." Legg v. Wyeth, 428 F.3d 1317, 1325 n. 5 (11th Cir. 2005). Additionally, "the federal court makes these determinations based on the plaintiff's pleadings at the time of removal; but the court may consider affidavits and deposition transcripts submitted by the parties." *Crowe*, 113 F.3d at 1538.

The plaintiff, Ronald Sewell, asserts that he bought a Thompson/Center Venture Rifle on November 8, 2011, from SSSC in Anniston, Alabama. The plaintiff alleges that defendant Thompson/Center recalled this rifle *the same day* because of a defective "sear" mechanism that can cause the rifle to fire inadvertently; however, the plaintiff contends that no defendant provided a recall notice to the plaintiff for "some 20 days." The plaintiff alleges that on November 28, 2011, the rifle fired inadvertently causing permanent injury to him, including the loss of several toes (doc. 1-1).

The removing defendants included in their Notice of Removal the affidavit of Ann Makkiya (doc. 1-3), establishing that the rifle purchased by the plaintiff on November 8, 2011 was *not* under a recall *on this date*. The affidavit of Ms. Makkiya shows that the manufacturer recalled the plaintiff's rifle on November 11, 2011, three days after the Plaintiff purchased the rifle. These facts are undisputed by the plaintiff. Indeed, the plaintiff filed no affidavit or other evidence to support his motion to remand or to refute the affidavit presented by the removing defendants.

Alabama state law provides that a plaintiff may not assert any product liability action against a seller *unless* one of the enumerated exceptions apply. Ala. Code § 6-5-521(b)(1)-(4). The only exception applicable in the present case involves whether the plaintiff's claims against SSSC involve "*independent acts unrelated to the product design or manufacture*, such as independent acts of negligence, wantonness, warranty violations, or fraud." Ala. Code § 6-5-521(b)(4) (emphasis added). Alabama law defines a product liability action as

> [a]ny action brought by a natural person for personal injury, death, or property damage caused by the manufacture, construction, design, formula, preparation, assembly, installation, testing, warnings, instructions, marketing, packaging, or labeling of a manufactured product when such action is based upon (a) negligence, (b) innocent or negligent misrepresentation, (c) the manufacturer's liability doctrine, (d) the Alabama extended manufacturer's liability doctrine, as it exists or is hereafter construed or modified, (e) breach of any implied warranty, or (f) breach of any oral express warranty and no other.

Ala. Code § 6-5-501(2).

The plaintiff asserts the following claims against SSSC in his Complaint: a failure to warn claim in Count II; a breach of warranty claim in Count III; and a negligence/wantonness claim in Count IV. As stated at the hearing, the court finds that the claims against SSSC in Counts II, III and IV fail to show any cognizable claim under Alabama law. The parties do not dispute that the rifle purchased by the plaintiff was not subject to a recall at the time of purchase on November 8, 2011. The plaintiff has presented no evidence to support any cognizable claim against SSSC regarding the

sale of the of the rifle on November 8, 2011 that would not be precluded by Ala. Code § 6-5-521(b); i.e., he has not presented a cognizable claim that is unrelated to the product design or manufacture. Moreover, the plaintiff proffered no Alabama law showing that SSSC, the seller, had a post-sale duty to notify the plaintiff when the manufacturer recalled the rifle three days after the purchase. Although the plaintiff argued that the breach of warranty claim was the plaintiff's strongest argument, he has presented no evidence that SSSC either expressly or impliedly warranted anything unrelated to the product's design or manufacture, as required by Ala. Code § 6-5-521(b)(4) to state a reasonable claim.

Because the plaintiff has failed to show any reasonable potential for legal liability against SSSC, the court finds that the plaintiff fraudulently joined SSSC to defeat diversity jurisdiction and, therefore, ignores the presence of SSSC for determining if diversity jurisdiction exists. The court, in ignoring SSSC as a named defendant and all fictitious defendants, finds that complete diversity exists between the plaintiff and the removing defendants. The plaintiff stipulated and the court finds that the amount in controversy requirement is satisfied. The court, therefore, DENIES the plaintiff's Motion to Remand.

**DONE and ORDERED** this 1st day of June, 2012.

_____
KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE